ANNA K. GILMAN, Executrix, etc., Appellant, *v.* WIN-
THROP W. GILMAN and others, Respondents.

Appeal from an order of the Surrogate's Court of the county of New York, directing payment of the sum of $4,000 to Charles H. Glover, $6,000 on account of a balance agreed to be due Winthrop

W. Gilman, and the further sum of $20,000 on account of his distributive share in the estate of the testator.

The testator was a man of large wealth, and by his will directed the final residue of his estate to be divided equally among his children — surviving children — and the heirs of his three deceased daughters. The appellant and the respondent Winthrop W. Gilman are two of the testator's children. Since the testator's decease, a partial distribution of the residue of the estate has been made, under the sanction of the surrogate, to several of the residuary legatees. Among them the appellant has been a participant to a greater extent than the amount directed to be paid by the executors to Winthrop W. Gilman on account of his residuary share.

The amount of the residue appeared to this court to have been entirely ample for the payment of the sums directed to be paid out of it, without, in any respect, endangering the payment of any other lawful claims which might be made against it. For that reason, and the further one that the amount directed to be paid would give Winthrop W. Gilman no more than most of the other residuary legatees had received, the General Term considered that the order in that respect was entirely equitable.

The objection made by the appellant to the order directing the payment, chiefly depended upon a clause contained in the testator's will, declaring that Winthrop W. Gilman should have no portion of his share of the estate until he fairly accounted for and settled the amount charged on the testator's books against him for money advanced and interest upon it. This was met by the fact, that it appeared that a majority of the executors had settled the account with him, with the approval of the surrogate, and had allowed a balance of $6,000, mentioned in the order, in his favor, which this court considered binding on the estate.[*]

*E. C. Benedict*, for the appellant.

*Charles E. Whitehead* and *Charles H. Glover*, for the respondents.

Opinion by Daniels, J.

[*] Murray v. Blatchford, 1 Wend., 583, 616; Chouteau v. Suydam, 21 N. Y., 179, 184.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements to the respondents.